■ In the Matter of the Estate of GEORGES KLEEFELD, Deceased. DENISE STORK, Appellant; JOSEPH DEMUL et al., Respondents.—Decree and order, Surrogate's Court, New York County, entered on March 3, 1980, affirmed on the opinion of Midonick, S., with $75 costs and disbursements of this appeal to each party appearing separately and filing separate briefs payable out of the estate. Concur—Ross, Markewich, Lupiano and Lynch, JJ.

Murphy, P. J., dissents in a memorandum as follows: The testator, Georges Kleefeld, executed a will on December 20, 1970. The draftsman, Leonard Kommel, retained the original will in his files and gave a conformed copy to the testator. The draftsman died on April 7, 1972; the testator died on July 29, 1979. After the testator's death, the original will could not be located among the draftsman's files. At trial, the proponent submitted evidence suggesting that the testator did not revoke the original will since it was lost while in the possession of the draftsman. The contestants, on the other hand, submitted proof tending to show that the testator had revoked the will by tearing it in pieces. The Surrogate credited the testimony of the proponent's witnesses and admitted a conformed copy of the will to probate under SCPA 1407. The decree should be reversed and the petition should be dismissed because the proponent did not carry his burden of proof with regard to SCPA 1407 (subd 3).

The afore-mentioned statute provides: "A lost or destroyed will may be admitted to probate only if * * * 3. All of the provisions of the will are clearly and distinctly proved by each of at least 2 credible witnesses or by 1 witness and a copy or draft of the will proved to be true and complete." One authority has accurately summarized the law bearing upon SCPA 1407 (subd 3), as follows. (1 Harris, New York Estates Practice Guide [3d ed, 1968], § 281, p 534): "After existence of the will and its destruction have been established, the contents must be proved. The statute provides that all of the provisions of the will must be clearly and distinctly proved by each of at least two credible witnesses or by one witness and a copy or draft of the will proved to be true and correct. In this respect the present statute does not differ from the prior one. Knowledge of the execution of the will is not knowledge of its contents. And while the witnesses need not give the exact language of the will, but merely the substance, *each* of the witnesses must testify to all the principal parts of the will. A copy of the will takes the place of the second witness, but the witness' supporting letter does not." Nadine Baris, the legal secretary who typed the original will, recognized her initials on the first page of the conformed copy of the will that was received into evidence as Exhibit No. 1. She also recognized that the type was the same used by her typewriter. Baris also remembered that the original will contained many provisions and that many bequests were made to foreigners. The conformed copy had been given a "blue cover". Nonetheless, Baris had never read the will after she typed it. At trial, she could not remember any of the provisions of the original will. Baris' testimony did not clearly and distinctly prove all the provisions of the will as is required by SCPA 1407 (subd 3). In fact, it did not establish any of the provisions of the will. While Exhibit No. 1 in evidence appeared to Baris to be a conformed copy of the original will, her identification of that instrument did not satisfy the statutory criteria. A fraudulent will could have easily been typed on an IBM typewriter similar to the one used by Baris; a blue cover, of course, is readily accessible to practitioners and the public alike. The attesting witnesses, Julius Bisci and Alois Phillips, remembered various events surrounding the execution of the will. However, neither of these witnesses read the will. Consequently, they were unable to testify at trial concerning its contents. Even if it were assumed that proponent's Exhibit No. 1 in evidence was actually a conformed copy of the original will, the proponent did not otherwise carry his burden under SCPA 1407 (subd 3) by clearly and distinctly proving all the provisions of the will by, at the least, one credible witness. The proponent's witnesses were totally unaware of the provisions in the original will. The legislative policy, embodied in SCPA 1407, is aimed at preventing the probate of fraudulent wills. That policy will be totally subverted if a will, such as the subject one, may be established by witnesses' testimony as to the events surrounding the execution of the will rather than as to the contents of the will itself. Based upon the testimony of Baris and Bisci, the Surrogate correctly received the conformed copy of the will into evidence as the proposed instrument offered by the proponent. However, since the proponent did not carry his burden of showing that the instrument was an actual copy of the original will, the Surrogate could not use it in lieu of one credible witness under SCPA 1407 (subd 3). Moreover, in this "lost will" area, it was imperative that the proponent come forward with certain minimal testimony as to the circumstances under which the con-

formed will was found. The evidentiary silence on this point strongly militates in favor of rejection rather than acceptance of Exhibit No. 1 as a true copy of the original will. Accordingly, the decree of the Surrogate's Court, New York County, entered March 3, 1980, admitting a conformed copy of Georges Kleefeld's will to probate, should be reversed, on the law, and the petition should be dismissed, without costs.